[Cite as *State v. Millow*, 2019-Ohio-1751.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180259 |
| | | TRIAL NO. B-9908530 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| LEVON MILLOW, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 8, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Levon Millow*, pro se.

**BERGERON, Presiding Judge**.

{¶1}     Presenting an actual-innocence claim, defendant Levon Millow comes before us challenging the denial of his new-trial motion based on newly-discovered evidence.  Yet some of that evidence is not newly discovered at all, and the balance fails to satisfy the criteria for relief under Crim.R. 33.  We accordingly affirm the trial court's judgment.

I.

{¶2}     In 2000, a jury convicted Mr. Millow on three counts of rape and a single count of gross sexual imposition.  He unsuccessfully challenged his convictions on direct appeal, *State v. Millow*, 1st Dist. Hamilton Nos. C-000524 and C-000510 (June 15, 2001), *appeal not accepted*, 93 Ohio St.3d 1446, 756 N.E.2d 111 (2001), and in a series of postconviction motions filed between 2005 and 2015.  *See State v. Millow*, 1st Dist. Hamilton No. C-070884 (Jan. 7, 2008) (dismissing the appeal from the November 2007 entry overruling Mr. Millow's September 2007 motion for a new trial based on newly-discovered evidence); *State v. Millow*, 1st Dist. Hamilton No. C-060771 (July 20, 2007) (denying relief based on an alleged indictment defect); *State v. Millow*, 1st Dist. Hamilton No. C-050459 (May 31, 2006) (affirming the overruling of a postconviction motion for resentencing).

{¶3}     Nearly two decades after his conviction, Mr. Millow again sought a new trial in 2018 (along with leave to move for a new trial), insisting that newly-discovered evidence granted him a ticket to a new trial.

{¶4}     To understand the present motion, we must first take a brief look at the trial evidence that resulted in Mr. Millow's conviction.  Mr. Millow raped and sexually assaulted a young girl, and his victim testified to four separate incidents at

two different residences in downtown Cincinnati, where she, her mother, and her younger sisters resided with Mr. Millow. In late summer 1997, Mr. Millow moved in with the (five-year-old) victim and her mother at their residence on 12th Street. Mr. Millow and the victim's mother thereafter had two daughters, the youngest of whom was born on July 4, 1999. Several days later, on July 9, they all moved to Beekman Street and lived there together for about a month until Mr. Millow departed in August. At trial, the (then) seven-year-old victim testified to three incidents of sexual assault occurring at the 12th Street residence as well as a single incident on Beekman Street. She explained that the "first time [she] remember[ed]" an assault occurred after her sixth birthday, at the 12th Street location, and that her "sisters" had been "home at that time" and her "mom [had gone] to take her friend to her house."

{¶5} In support of his 2018 new-trial motion, Mr. Millow recycled the same argument that he presented in his unsuccessful 2007 new-trial motion, featuring the birth records for his youngest daughter, which reflected a discharge from the hospital on July 9, 1999, at 2:47 p.m. The 2018 motion added, however, an affidavit from Mr. Millow's nephew depicting the events of July 9, 1999. The nephew explained that he had "not talked to; seen or corresponded in any way with [Millow] the entire 17-years [that Millow had] been imprisoned," until Mr. Millow's sister, in March 2017, had "tracked [him] down and informed [him]" of the victim's trial testimony that her "sisters" were at home with her the first time Mr. Millow sexually assaulted her. The nephew interpreted this testimony as "fix[ing]" July 9, 1999, as the day the sexual abuse commenced, which he considered "highly significant," because he and several others had been "in the physical presence" of Mr. Millow and the victim, on that date, between 4:00 and 9:00 p.m., helping with the move to Beekman Street. During that

3

time, the nephew insisted, he witnessed "no visible signs of inappropriate misconduct."

{¶6} Mr. Millow relies on this "new evidence" to establish his innocence and justify a new trial. Seizing upon the victim's use of the plural "sisters," he claims that this evidence now shows that the initial three assaults could not have occurred prior to July 9 (because the victim did not have "sisters" until July 1999). And since his nephew and others saw him acting appropriately on July 9, he concludes that the victim's recollection has been called into question.

## II.

{¶7} Raising a single assignment of error, Mr. Millow claims that the trial court improperly denied his motion for a new trial. A Crim.R. 33(A)(6) or 33(B) motion for a new trial must be filed either within specified time limits after the return of the verdict or within seven days after the granting of leave to file a new-trial motion, with leave available only upon "clear and convincing proof that the defendant [had been] unavoidably prevented from [timely] discovering the evidence" or filing the motion. Since we are well past the rule-based time windows, Mr. Millow first needed to secure leave from the trial court to file his new-trial motion.

{¶8} Mr. Millow's application for leave stumbles at the threshold step, because he failed to demonstrate clear and convincing evidence that he had been unavoidably prevented from timely discovering, and from timely presenting in a new-trial motion, the evidence upon which his new-trial motion depended. *See* Crim.R. 33(B); *State v. Schiebel,* 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990). An evidentiary hearing is required on a motion for leave if the evidence offered in support of the motion demonstrates unavoidable prevention. *See State v. Carusone*,

4

1st Dist. Hamilton No. C-130003, 2013-Ohio-5034, ¶ 4, 33; *State v. Gaines*, 1st Dist. Hamilton No. C-090097, 2010-Ohio-895, ¶ 4. But Mr. Millow could not establish that.

**{¶9}** In his new-trial motion, Mr. Millow challenged the sufficiency of the evidence and the adequacy of the indictment, bill of particulars, and jury instructions, and he alleged instances of prosecutorial misconduct and ineffective assistance of counsel. Those challenges (as Mr. Millow framed them) did not depend for their resolution upon matters outside the trial record. Therefore, Mr. Millow failed to demonstrate that he could not have raised these grounds within the time parameters included in Crim.R. 33(B).

**{¶10}** But Mr. Millow's actual-innocence claim depended on outside evidence. Simply incanting "newly discovered evidence," however, does not satisfy the test. We think it is fair to say that Mr. Millow was aware of his youngest daughter's 1999 birth at the time of trial. With that knowledge, he should have appreciated the significance of the phrase "sisters" at the time of trial[1] and could have sought to offer exculpatory evidence either at the time or within the windows provided by Crim.R. 33. There is no reason why this evidence could not have been presented earlier—indeed, Mr. Millow already tried once before to present evidence about the timing of his youngest daughter's birth. Nor does he convincingly explain why he could not have presented evidence by his nephew (or others present on July 9) prior to now. And even if we could excuse the 17-year delay in tracking down the nephew, his testimony does not

---

[1] We pause to note the unlikely nature that this entire conviction rests upon a child's use of the plural when testifying. The house of cards does not come collapsing down even if we credited Mr. Millow's "new" evidence.

absolve Mr. Millow of anything. At best, he provides that during a few-hour window, the nephew did not observe anything amiss.

{¶11} The trial court had before it competent and credible evidence to support a determination that Mr. Millow failed to sustain his burden of presenting clear and convincing evidence demonstrating unavoidable prevention. We, therefore, hold that the court neither abused its discretion in declining to conduct a hearing, nor erred in denying leave to file a new-trial motion out of time. Accordingly, we overrule the assignment of error and affirm the court's judgment.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.